PER CURIAM:
The claimant, Hattie D. Castle, seeks an award of $87,40 from the respondent, Division of Highways, for damage to her vehicle, a 1995, Ford Escort. The damage occurred on the afternoon of November 23, 1995, while the claimant was traveling north on Route 52. During the drive, the claimant’s vehicle struck a large hole in the pavement surface. Weather conditions were wet and rainy, and the hole was filled with water. According to the claimant, vehicles ahead of her drove around the hole; however, she was unable to avoid the hole due to the oncoming traffic. As a result of the accident, a tire on the claimant’s vehicle was damaged. The cost to replace the tire totaled $87.40.
Cecil W. Collins, an employee for the respondent, testified that his responsibilities included receiving and investigating road complaints. According to Mr. Collins, Route 52 was a top priority two lane road, and its pavement surface was in poor condition when the claimant’s accident occurred. Nevertheless, maintenance records kept by the respondent revealed that Route 52 was patched with three tons of cold mix material on November 17, 1995. Mr, Collins also indicated that Route 52 was traveled by a large number of coal trucks, and he believed that these heavy trucks contributed to the rapid deterioration of the pavement surface.
The respondent is neither an insurer nor a guarantor of the safety of motorists upon its highways. For the respondent to be held liable for damage caused by a road defect, it must have had notice of the defect and a reasonable opportunity to correct the problem. The facts in this claim revealed that the respondent was aware of poor road conditions on Route 52, and it had performed a substantial amount of patching work on Route 52 shortly before the claimant’s accident. Although the circumstances surrounding this claim are unfortunate, the Court finds that the respondent was not negligent in its maintenance of Route 52 on the date of this incident. Therefore, this claim is denied.
Claim disallowed.